# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF IOWA
# COURT FILE NO.: 13CV4032

| | |
|---|---|
| NEIL A. JOENKS, <br><br> Plaintiff, <br> v. <br><br> Charles L. Litow, individually & <br> Litow & Pech, P. C. & <br> Arrow Financial Services, LLC, <br><br> Defendants. | **COMPLAINT** <br><br><br> **JURY TRIAL DEMANDED** |

## JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and pursuant to 15 U.S.C. § 1692k(d), and pursuant to 28 U.S.C. § 1367 for pendent state law claims.

2. This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

3. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendants transact business here.

## PARTIES

4. Plaintiff Neil A. Joenks is a natural person who resides in the City of Rossie, County of Clay, State of Iowa, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3) and/or a person with standing to bring a claim under the FDCPA by virtue of being directly affected by a violation of the Act.

5. Defendant Arrow Financial Services, LLC (hereinafter "Defendant AFS") is a corporation and claims to be an assignee of "Household" and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

6. Defendant Litow & Pech, PC (hereinafter "Defendant L & P ") is a law firm and debt collection agency operating from an address of P.O. Box 2165 Cedar Rapids, IA 52406-2165, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Defendant Charles L. Litow, (hereinafter "Defendant Litow") is a natural person and Attorney at Law who was, with his employees, partners, agents and associates, employed at all times relevant herein by Defendant L & P as a collection agent and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

8. On or around October 1, 1999, Plaintiff incurred a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a consumer

debt with A-One Water Specialists, Incorporated, in the approximate amount of $4,896.00, which was used by Plaintiff for personal, family and household purchases. A copy of the original Contract is attached herein and marked as Plaintiff's Exhibit A. Plaintiff's position is that this account had been paid, and was of that position for a number of years until contacted by the Defendant L&P.

9. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendants for collection from these Plaintiffs.

### *October 14, 2011 Collection Notice*

10. On or about October 14, 2011, Defendant AFS's collector, Defendant L & P, contacted Plaintiff by mail in an effort to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

11. This notice listed, without any additional information, that the present balance due to Defendant AFS was $5,982.42 AFTER PAYMENTS OF $9,669.25. A copy of the Notice is attached herein marked as Exhibit B.

12. Despite repeated requests in writing by the Plaintiff, the Defendant L & P has refused to provide any of the specific validation information regarding the origin, history and nature of the claim.

13. Payments made by the Plaintiff, including garnishments, were not properly acknowledged and / or credited against the claim by the Defendants L & P.

## *Summary*

14. All of the above-described collection communications, actions and inactions made to Plaintiff by Defendant AFS, Defendant L & P, and Defendant Litow, and other collection employees employed by Defendants were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(5), 1692e(10), and 1692f, amongst others.

15. During their collection communications, Defendants and these individual debt collectors employed by Defendant L & P repeatedly failed to provide Plaintiff with the notices required by 15 U.S.C. § 1692e(11), in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e, 1692e(2), 1692e(5), 1692e(10), 1692e(11), and 1692f, amongst others.

16. The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was a violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions of the FDCPA, as well as an invasion of Plaintiff's privacy by an

intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to this Plaintiff.

17. Defendants' illegal abusive collection communications as more fully described above were the direct and proximate cause of severe emotional distress on the part of Plaintiff and his spouse, causing them unnecessary personal strain in their relationship with each other, as well as with other family members.

18. Plaintiff has suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation, embarrassment, amongst other negative emotions, as well as suffering from unjustified and abusive invasions of personal privacy.

## *Respondeat Superior Liability*

19. The acts and omissions of Defendant Litow, and the other debt collectors employed as agents by Defendant Litow who communicated with Plaintiff as more further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant AFS.

20. Defendants have repeatedly left recorded messages on the answering machine of the Plaintiff which mention a debt by another party not known to the Plaintiff.

21. The acts and omissions by Defendant L & P and these other debt collectors were incidental to, or of the same general nature as, the responsibilities these agents were authorized to perform by Defendant L & P in collecting consumer debts.

22. By committing these acts and omissions against Plaintiff, Defendant L & P and these other debt collectors were motivated to benefit their principal, Defendant AFS.

23. Defendant AFS is therefore liable to Plaintiffs through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the FDCPA and Iowa tort law, in their attempts to collect this debt from Plaintiff.

## **TRIAL BY JURY**

24. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. US Constitution, Amendment 7; Fed.R.Civ.P. 38.

## **CAUSES OF ACTION**

### **COUNT I.**

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

25. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

26. The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to the Plaintiff.

27. As a result of each and every Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A); and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from each and every Defendant herein.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

28. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

29. Congress explicitly recognized a consumer's inherent right to privacy in collection matters in passing the Fair Debt Collection Practices Act, when it stated as part of its findings:

> **Abusive debt collection practices contribute** to the number of personal bankruptcies, to marital instability, to the loss of jobs, and **to invasions of individual privacy.**

15 U.S.C. § 1692(a) (emphasis added).

30. Congress further recognized a consumer's right to privacy in financial data in passing the Gramm Leach Bliley Act, which regulates the privacy of consumer financial data for a broad range of "financial institutions" including debt collectors albeit without a private right of action, when it stated as part of its purposes:

> It is the policy of the Congress that **each financial institution has an affirmative and continuing obligation to respect the privacy of its customers** and to protect the security and confidentiality of those customers' nonpublic personal information. 15 U.S.C. § 6801(a) (emphasis added).

31. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns

or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

32. Defendants and/or their agents intentionally and/or negligently attempted to collect a debt from the Plaintiff which was barred by the statute of limitations.

33. Defendants and/or their agents intentionally and/or negligently attempted to collect a debt from the Plaintiff which had been paid in full to the original creditor or their agents.

34. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

35. Defendants and their agents intentionally and/or negligently caused emotional harm to each of the Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon each of the Plaintiff's rights to privacy.

36. The Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

37. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against the Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

38. As a result of such intrusions and invasions of privacy, the Plaintiff is entitled to actual damages in an amount to be determined at trial from each and every Defendant.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each and every Defendant:

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

- for an award of actual damages pursuant to 15 U.S.C. §1692k(a)(1) against each and every Defendant and for the Plaintiff;

- for an award of statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) per occurrence against each and every Defendant and for the Plaintiff;

- for an award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3) against each and every Defendant and for the Plaintiff;

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

- for an award of actual damages from each and every Defendant for the emotional distress suffered as a result of the intentional and/or negligent FDCPA violations and intentional and/or negligent invasions of privacy in an amount to be determined at trial and for the Plaintiff; and

- for such other and further relief as may be just and proper.

Respectfully submitted,

Dated: March 29 2013

**JAMES P. MORIARTY, PC**

By: *[signature]*

James P. Moriarty, Esq.
Attorney I.D. AT0005463
Armstrong Centre
222 Third Avenue SE, Suite 299
Cedar Rapids, IA 52401-1542
Telephone: (319) 366-2307
Facsimile: (319) 364-8914
jpmoriarty@dybb.com
www.jpmoriartylaw.com

*[signature]*

HAROLD K. WIDDISON, ESQ
Attorney I.D. AT0008528
505 Fifth Street, Suite 603
Sioux City, Iowa 51101-1510
Telephone: (712) 202-0073
Facsimile: (712) 202-0080
Widdisonlaw@aol.com
www.widdisonlaw.net

**Attorneys for Plaintiff**

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF IOWA            )
                         ) ss
COUNTY OF WOODBURY       )

Plaintiff Neil A. Joenks, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.

7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

*[signature]*

Neil A. Joenks, Plaintiff
215 2nd Avenue
Rossie, IA 51357
(712) 262-7130

Subscribed and sworn to before me
this     day of March, 2013.

*[signature]*
Notary Public

*[Notary seal: RONDA KNEIFL, Commission Number 774855, My Commission Expires 9-18-13]*

# RainSoft

**World's Finest Water Treatment Systems**

## A-ONE WATER SPECIALISTS, INC.

Spirit Lake, Iowa 51360　　Rock Rapids, Iowa 51246
(712) 336-0612　　(712) 472-4071

2216 16th Street

Name: Neik/Cathy Joenks
Address: 215 2nd Ave
City: Rossie　State: IA　Zip: 51357
Phone: 712-262-7130

1. Number of people in house: 4
   a. Automatic washer (1 person): 1
   b. Automatic dishwasher (1 person): 1
   TOTAL: 6

2. Times 500 gallons per person per week (Estimated gallons per person per week): × 500

3. Estimated gallons used per week: 3,000

4. Times hardness of water (Equals hardness plus 5X PPM iron)
   (Enter Iron Content here 0 PPM)
   Hardness: 11 · × 11

5. Total estimated grains treatment required per week: 33,000

6. Model 24 to deliver grains per regeneration: 18,000

7. Gives number of regenerations per week: 2

8. Salt use per week at approx. # lbs. per reg. × # reg.: 12#

Date to be delivered/installed
Date: 10/1/99　Day: Friday　Time: 1-2:00
Company Representative: _____

---

$3135.00 Credit
No Down

### Installation Instructions

| | |
|---|---|
| Free Install | 135.00 |
| Free By-Pass | 25.00 |
| Free Salt (50#) | 7.00 |
| Free Soap | 2400.00 |
| Free Coupon Pak | 500.00 |
| | 3069.00 |

### Directions to Installation From Closest Main Roads

Hwy 71 to B53 west to Sign w/ houses R. follow black & Church house directly west of Church Same Side Street

I understand a **REVERSE OSMOSIS**, (R/O), is needed in **ADDITION** to the RainSoft System purchased if the reduction or removal of sodium, nitrates or lead are of personal concern to me.

Colloidal iron, hydrogen sulfide and bacterias such as coliform, manganese bacteria and iron bacteria need to be chlorinated before the RainSoft System purchased can effect removal.

Today's Date: 9/29/99
Merchandise: Am24/R-01
Purchaser: _____
Purchaser: _____

White Copy — Office
THIS OFFICE COPY CONTAINS ALL AGREEMENTS
Yellow Copy — Office

**EXHIBIT A**

# HAPPY SHEET
# RAINSOFT WATER TREATMENT
## PUBLIC WATER

| FEATURES/BENEFITS | TRIPLE DIAMOND | DOUBLE DIAMOND | DIAMOND | EMERALD |
|---|---|---|---|---|
| Model | Amazon | Amazon | Amazon | Aquion |
| Cycle | 8-Cycles | 8-Cycles | 8-Cycles | 8-Cycles |
| Control | Automatic Timer | Automatic Timer | Automatic Timer | Automatic Timer |
| **WARRANTY ON:** | | | | |
| Valve | LIFETIME | LIFETIME | LIFETIME | LIFETIME |
| Tank | LIFETIME | LIFETIME | LIFETIME | LIFETIME |
| Resin | LIFETIME | LIFETIME | LIFETIME | LIFETIME |
| **WHOLE HOUSE:** | | | | 10 Year |
| Pollution Reduction | Maximum | Yes | Yes | No |
| Taste Reduction | Maximum | Yes | Yes | No |
| Odor Reduction | Maximum | Yes | Yes | No |
| Sediment & Iron Removal | Yes | Yes | Yes | No |
| Whole House Carbon Filter | Model #RF 1040H | None | None | None |
| Drinking Water System | Ultrefiner 22 GPD/RO | Ultrefiner 22 GPD/RO | Hydrefiner .4M Carbon | No |
| MODEL # | 9596 | 9596 | Phase 12 | None |
| Faucet Style | Metered | Standard | Standard | None |
| Present Payment | 81.00 | 81.00 | 81.00 | 81.00 |
| Monthly Investment | 85.00 | 70.00 | 65.00 | 40.00 |
| Actual Cost | 4.00 | 11.00 | 16.00 | 41.00 |

.36

TOTAL COST $ 4896.00

CLEANING PRODUCTS PAYMENT $ 51.00

WEAR/TEAR PAYMENT $ 30.00

TOTAL PAYMENT $ 81.00

## IT DOES NOT COST TO OWN A RAINSOFT - IT PAYS !!

Neil Joenks
**Buyer's Name**

215 2nd Ave. Rossie, IA
**Buyer's Address**

## BUYER'S RIGHT TO CANCEL

YOU, THE BUYER, MAY CANCEL THIS TRANSACTION AT ANY TIME PRIOR TO MIDNIGHT OF THE THIRD BUSINESS DAY AFTER THE DATE OF THIS TRANSACTION. SEE THE ATTACHED NOTICE OF CANCELLATION FORM FOR AN EXPLANATION OF THIS RIGHT.

NOTICE OF CANCELLATION  9/29/99
Date of Transaction

You may cancel this transaction, without any penalty or obligation, within three business days from the above date.

If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within 10 business days following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled.

If you cancel, you must make available to the seller at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale; or you may if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk.

If you do make the goods available to the seller and the seller does not pick them up within 20 days of the date of your notice of cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice or any other written notice, or send a telegram,

**A-ONE WATER SPECIALISTS, INC.**
(Name of Seller)

Spirit Lake, IA
(Seller's Business Address)

not later than midnight of  10/4/99  (Date).

I hereby cancel this transaction.

_____
(Buyer's Signature)

NOTICE OF CANCELLATION  9/29/99
Date of Transaction

You may cancel this transaction, without any penalty or obligation, within three business days from the above date.

If you cancel, any property traded in, any payments made by you under the contract or sale, and any negotiable instrument executed by you will be returned within 10 business days following receipt by the seller of your cancellation notice, and any security interest arising out of the transaction will be cancelled.

If you cancel, you must make available to the seller at your residence, in substantially as good condition as when received, any goods delivered to you under this contract or sale; or you may if you wish, comply with the instructions of the seller regarding the return shipment of the goods at the seller's expense and risk.

If you do make the goods available to the seller and the seller does not pick them up within 20 days of the date of your notice of cancellation, you may retain or dispose of the goods without any further obligation. If you fail to make the goods available to the seller, or if you agree to return the goods to the seller and fail to do so, then you remain liable for performance of all obligations under the contract.

To cancel this transaction, mail or deliver a signed and dated copy of this cancellation notice or any other written notice, or send a telegram,

to  **A-ONE WATER SPECIALISTS, INC.**
(Name of Seller)

at  Spirit Lake, IA
(Seller's Business Address)

not later than midnight of  10/4/99  (Date).

I hereby cancel this transaction.

_____
(Date)

_____
(Buyer's Signature)

## ACKNOWLEDGEMENT OF RECEIPT OF FORMS

9/29/99
(Date)

I ACKNOWLEDGE HAVING RECEIVED TWO COPIES OF THE NOTICE SET FORTH ABOVE.

Neil Joenks
(Buyer's Signature)

Catherine D. Joenks
(Buyer's Signature)

# LITOW & PECH, P.C.

*Charles L. Litow [1,2]*
*Christopher E. Pech [1]*
*Piper Lori Hughes [1]*
*James H. McDonald [1,4]*
*John N. Elvert [2,3]*
*Tyler J. Grimm [1]*
*Erin J. Kooiker [2]*
*Jacob P. Skousen [2]*

PAYMENTS - P.O. BOX 2143
CORRESPONDENCE - P.O. BOX 2165
CEDAR RAPIDS, IA. 52406
PHONE: 800-617-7593
FAX: (319)-362-3277
E-MAIL:IOWA@LITOWLAW.COM
URL-WWW.LITOWLAW.COM
HOURS OF OPERATION 8-8 M-TH 8-5FR 8-NOON SAT
SEE WEBSITE FOR PAYMENT INFORMATION

CLIENTS, CLERKS,
SHERIFFS AND
ATTORNEYS PLEASE
CALL 319-362-3000 OR
866-795-6375

[1] licensed in Iowa
[2] licensed in Missouri
[3] licensed in Illinois
[4] licensed in Minnesota

NEIL JOENKS
215 2ND AVE
ROSSIE IA 51357-7608

October 04, 2011
RE: ARROW FINANCIAL SERVICESLLC ASSIGNEE OF HOUSEHOLD
Our File No. 170412

Dear NEIL JOENKS:

According to our computer records, the present balance on your account is $5,982.42. Our records show you have paid $9,669.25. If you believe these numbers are incorrect for any reason, please let us know. All payments should be directed to Litow & Pech, PO Box 2143 Cedar Rapids Iowa 52406 .. To ensure accurate and prompt posting of payments use the attached ACH form or request payments coupons by email or phone.

Sincerely,
Litow & Pech, P.C.

*Charles L Litow*

Charles L. Litow

THIS IS AN ATTEMPT TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.
THIS COMMUNICATION IS FROM A DEBT COLLECTOR.

OFN 170412
CFN 29059847

YPN ************3763


EXHIBIT B